UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Roumen Petrov, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   17-cv-262 |
| | ) |
| Bjorn Kristian Bagent and | ) |
| Knight Transportation, Inc. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, ROUMEN PETROV ("Plaintiff"), by and through undersigned counsel, for its Complaint against defendants BJORN KRISTIAN BAGENT ("Bagent") and KNIGHT TRANSPORTATION, INC., ("Knight") (collectively referred to herein as "Defendants" and each a "Defendant"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff is a citizen of Illinois, while the Defendant Bagent is a citizen of Minnesota and Defendant Knight is a citizen of Arizona, and the amount in controversy exceeds $75,000.00 dollars, exclusive of interest and costs.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391 because (a) at least one Defendant, Knight, resides in this judicial district and (b) a substantial part of the events and omissions giving rise to the claims herein occurred in this judicial district.

3. Under the Illinois Long Arm Statute, 735 ILCS 5/2-209, Defendant Knight has sufficient minimum contacts within the State of Illinois to subject itself to the jurisdiction and the laws of the State of Illinois.

## PARTIES

4. Plaintiff, ROUMEN PETROV is an individual and resident of the state of Illinois, residing in Cook County, Illinois. Plaintiff Petrov is an over the road truck driver.

5. Defendant, BJORN BAGENT, is an individual and a resident of the state of Minnesota. Defendant Bagent, at all relevant times, was an employee and/or agent of Knight, as an over the road truck driver.

6. Defendant KNIGHT, is a company with its principal place of business in Phoenix, Arizona. Knight engages in over the road transportation of freight and is authorized to conduct, and is in fact conducting, business within the state of Illinois, and is registered with the Illinois Secretary of State as a foreign corporation.

## FACTUAL ALLEGATIONS

7. That at all times material, Defendant, KNIGHT, was the owner of a Freightliner truck, being driven by Defendant BAGENT.

8. On July 7, 2015 at approximately 5:00 p.m., Plaintiff had pulled over his semi-tractor trailer on the shoulder of Northbound I-65, at or near mile marker 201, and was in the cab retrieving tools for repairs to his vehicle.

9. At the aforementioned time and place, Defendant Bagent was operating a semi-tractor trailer, for and on behalf of Defendant Knight, in the course of his employment or as an agent of Defendant Knight, Northbound on I-65 near mile marker 201, at which time Defendant's vehicle struck the Plaintiff's vehicle.

## COUNT I

## NEGLIGENCE AGAINST BAGENT

10. That at all times hereto material, it was the duty of the Defendant to exercise ordinary care for the safety of the person and property of others then and there upon said roadway, and especially, the Plaintiff herein.

11. Notwithstanding said duty as heretofore alleged in the next preceding paragraph, Defendant, carelessly and negligently did, or failed to do, one or more of the following acts:

    a. Carelessly and negligently failed to keep a proper lookout for traffic or persons then and there upon said roadway;

    b. Carelessly and negligently operated said motor vehicle without brakes adequate to control the movement of and to stop and hold said vehicle;

    c. Carelessly and negligently failed to maintain sufficient and proper control over the operation of said vehicle;

    d. Carelessly and negligently failed to operate said motor vehicle in a reasonably safe manner so as not to cause injury to Plaintiff;

    e. Carelessly and negligently drove said motor vehicle at a speed which was greater than reasonable and proper with regard to traffic conditions and which endangered the safety of the person and property of others, contrary to and in violation of 625 ILCS 5/11-601(a);

    f. Carelessly and negligently failed to decrease the speed of said motor vehicle as was necessary to avoid colliding with any person or vehicle on the roadway in compliance with legal requirements and the duty of all

persons to use due care, contrary to and in violation of 625 ILCS 5/11-601(a);

g. Carelessly and negligently came into contact with the Plaintiff's vehicle;

h. Carelessly and negligently failed to warn the Plaintiff before the collision;

i. Carelessly and negligently failed to swerve his vehicle to avoid colliding with the Plaintiff's vehicle;

11. That by reason of the premises and as a direct and proximate result of the aforesaid careless and negligent acts, or omissions, of Defendant, Plaintiff sustained severe and permanent injuries. The injuries suffered by Plaintiff have caused permanent disability and permanent disfigurement to Plaintiff's body.

12. As a direct and proximate result of the collision, Plaintiff has incurred, and will in the future continue to incur, medical and hospital expenses for the treatment of his injuries.

13. As a direct and proximate result of the collision, Plaintiff has suffered, and will in the future continue to suffer, great physical and mental pain and suffering.

WHEREFORE, Plaintiff, ROUMEN PETROV, requests judgment against the Defendant, BAGENT, in an amount greater than $75,000.00, plus the costs of this action.

## COUNT II

## RESPONDEAT SUPERIOR AGAINST KNIGHT

14. Plaintiff, PETROV, re-alleges Paragraphs 1 through 13, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 14.

15. At all times alleged herein, Defendant BAGENT, was acting within the scope of his employment with Defendant KNIGHT.

16. As such, Defendant, KNIGHT, is liable as principal for all torts committed by its agents. Therefore, Defendant, KNIGHT, is liable to the Plaintiff under the theory of *Respondeat Superior.*

WHEREFORE, Plaintiff, ROUMEN PETROV, requests judgment against Defendant KNIGHT, in an amount greater than $75,000.00, plus the costs of this action.

On Behalf of Plaintiff,

/s/ Ivo Tchernev
Ivo Tchernev, Esq.
Law Offices of Jacobson and Tchernev, Ltd.
33 N. Dearborn St., Suite 1907
Chicago, IL 60602
(312) 669-4441 Office
(312) 781-6732 Fax
legal@lawjtchicago.com
Illinois Bar Number: 6304132